■ In the Matter of ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, on Behalf of DEBORAH M., Appellant, v KIM M., Respondent. [679 NYS2d 623] —In a neglect proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Richmond County (Clark, J.), dated February 11, 1998, which, after a hearing, granted the mother's application to have her child returned to her pending a final determination of the proceeding. By decision and order on motion of this Court dated March 5, 1998, the order of the Family Court was stayed pending determination of this appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, the mother's application is denied, and the matter is remitted to the Family Court, Richmond County, for further proceedings consistent herewith.

The Commissioner of the Administration for Children's Services of the City of New York instituted this neglect proceeding

pursuant to Family Court Act article 10. After her child was temporarily removed from her physical custody, the mother applied pursuant to Family Court Act § 1028 for return of the child, and the Family Court granted the application. We reverse.

The evidence adduced by the petitioner at the hearing demonstrated that the return of the child presents an imminent risk of harm to the child's health (see, Family Ct Act § 1028 [b]). The evidence indicated that when the child was questioned about her partial loss of consciousness, rib injury, and bruises, she refused to respond in the presence of her mother, but stated, when the mother was not present, "Mommy did it" and "Mommy squeezed me". The mother's explanations concerning the child's semi-conscious state and injuries were inconsistent with each other as well as the injuries sustained. Moreover, a caseworker testified that the mother told him that she had "multiple disorders" that permitted her to "do many things at the same time" and act faster than normal people. Furthermore, a neighbor had, on one occasion, observed the mother on the rooftop with the child screaming for a dead child, and on another occasion, observed the child alone outside in the rain without a jacket, with the mother's knowledge. Mangano, P. J., Rosenblatt, Ritter and Altman, JJ., concur.